KETCHUM (SHAEFER v.). See Case No. 12,693.

## Case No. 7,741.

KETCHUM HARVESTING MACH. CO. v. JOHNSTON HARVESTER CO.

[3 Ban. & A. 139;[1] 13 O. G. 178.]

Circuit Court, N. D. New York. Nov. 8, 1877.

PATENTS—WANT OF NOVELTY—VARIANCE BETWEEN ORIGINAL PATENT AND REISSUE.

The reissued patents, viz: one dated July 25, 1871, number 4,484, granted to W. F. Ketchum, for "improvement in single-wheel grain and grass cutting machines," and two dated December 12, 1871, numbered respectively 4,672 and 4,673, granted to W. F. Ketchum for "improvements in attachments for harvesters," *held*, to be valid.

In equity.

H. U. Soper and A. McCallum, for complainant.

George Harding, for defendant.

WHEELER, District Judge. This cause has been heard on bill, answer, replication, proofs, briefs, and oral argument of counsel for the orator. and oral argument of counsel for the defendant. The orator has one reissued patent, No. 4,484, dated July 25th. 1871, in force to the 29th day of June. 1879. and has had two others, No. 4,673, in divisions A and B, dated December 12th, 1871, which expired February 10th, 1873, for improvements in grain and grass cutting machines. originally granted to William F. Ketchum, the two latter as one, and all transferred to the orator, as described and set forth in the pleadings and proofs.

The one not expired seems to be. substantially, for an improvement in single-wheel machines, by which the main frame and operating machinery are carried largely into and somewhat through, and the draft-pole close up to, a hollow driving-wheel having outward-curved spokes and outward hub, so as to balance the weight of the machine well on the wheel and the draft of it on the pole One of the others, for a shoe slotted as a guide for and guard to the cutter at the heel of the cutter-bar, and extending forward from there to the main parts of the machine, to support the cutter-bar on the ground, and clear a track for and shield the heel of it there. in grass-cutting machines, and to support it from the main parts. in either grass or grain cutting machines. And the remaining one, for braces from the cutter-bar to extensions of the main frame above and in front or rear of it to support it from these extensions and leave a clear space toward the main frame for the operating machinery. These inventions. especially the one for balancing the machine, and the one for the shoe. serving also for a brace, are useful and valuable.

The orator claims that the defendant has infringed, to some extent, all of them; and

---

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and here reprinted by permission.]

on the part of the defendant it is insisted that Ketchum was not the first inventor of these improvements; that the reissues of the patents to the orator were not for the same inventions as the original patents, and that, therefore, they were void, and that, if they are valid, the defendant has not infringed them. It is obvious that the questions arising on these claims are almost, if not quite, pure questions of fact.

The defendant has introduced several prior patents to others for improvements in this class of machines, claiming that they show earlier inventions of these improvements; and the original patents to Ketchum, claiming that they set forth different inventions. But from as careful as practicable an examination of these patents, and comparison of them with those of the orator, in the light of the other evidence in the case, none of the inventions by others than Ketchum seem to have been directed toward the same objects sought for by him in these, and none of them appear to have in any substantial degree attained the same results that he did; and neither does it appear that the reissues are, in reality, for any inventions different from the ones described in the original patents. Therefore, the patents are considered valid.

It does appear from the testimony and exhibits concerning the defendant's machines that the defendant has manufactured and sold machines for cutting grass, and combined machines for cutting grass and grain, containing a form of shoe extending forward from the heel of the cutter-bar to the main parts of the machine, that is covered by the orator's patent for improvements in those respects, during the time the orator had those patents, and has been, and is now, manufacturing and selling machines for cutting grain that embody a part of the combination covered by the orator's patent for placing the machinery mostly within, and the draft-pole near to, the single hollow drive-wheel.

Therefore, it appears that the orator is entitled to a decree for a reference to a master for an account of the profits to the defendant gained by these infringements, and of the damages thereby to the orator, and for the payment of the profits, or damages if in excess of the profits, to the orator, and for an injunction against further infringement, according to the prayer of the bill, with costs to the orator. Let a decree be entered for the orator accordingly.

[Decree. Filed December 28, 1877.

[This cause having come on to be heard at this term upon the pleadings and proofs, after hearing counsel for the respective parties and due proceedings had, it is, upon consideration, ordered, adjudged, and decreed: That the several letters patent for improvements in harvesting machines set forth in the bill of complaint, viz.: Letters patent reissued in two divisions to the complainant on the 12th day of December, 1871, and numbered 4,672 and 4,673, the original patent (No. 8,724), granted to William F. Ketchum, February 10, 1852; and letters patent reissued to said complainant on the 25th day of July, 1871, numbered 4,484, the original patent (No. 20,719) granted to said William F. Ketchum, June 29, 1858,—each of said patents having been extended seven years,—are good and valid in law. That the said William F. Ketchum, the patentee of the said improvements in harvesters described in the said reissued patents, was the first and original inventor and discoverer of the inventions described and claimed therein, and in the specifications annexed thereto, and that the said complainant is the exclusive owner of said patents. That the defendant, the Johnston Harvester Company, has infringed upon the said letters patent, and upon the exclusive rights of the complainants under the same. And it is further ordered, adjudged, and decreed that the complainant do recover of the defendant the profits, gains, and advantages which the said defendant has received or made by reason of the infringement of the said several letters patent, and that said complainant do also recover any and all damages the said complainant has sustained by reason of the infringement of said letters patent by the defendant. And it is hereby referred to Hon. Charles Mason, a master of this court, to take and state the account of said gains, profits, and advantages, and to assess such damages, and to report thereon with all convenient speed; and the defendant is hereby directed and required to attend before said master from time to time, as required, and to produce before him such books, papers, and documents as relate to the matters in issue, and the officers, members, and clerks of said company, defendant, are required to submit to such oral examinations as may be required by said master. And it is further ordered, adjudged, and decreed that a perpetual injunction issue out of and under the seal of this court restraining the defendant, its clerks, agents, and workmen, from making, using, or selling any harvesting machine or machines containing or embodying in any way or manner whatsoever the said inventions and improvements mentioned and described in said letters patent No. 4,484, reissued to said complainant, July 25, 1871, and from infringing upon any of the claims of said letters patent in any way whatsoever; but that the issuing thereof be suspended upon the defendant paying five dollars on each machine with concave wheel built and sold by them hereafter in the United States during the term hereafter for a foreign market, and sold in the foreign market. And it is further ordered, adjudged, and decreed that the complainant do recover of the defendant the costs of this suit, and that the questions of increase of damages and all further questions be reserved until the coming in of the master's report.] [2]

---

[2] [From 13 O. G. 178.]

[For another case involving this patent. see Ketchum Harvester Co. v. Johnson Harvester Co., 8 Fed. 586.]